Ma v. Lynch

BIA
Hom, IJ
A200 933 655

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

AI MIAN MA,
> *Petitioner,*

v.                                          15-401
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New
                         York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Jesse M.
                         Bless, Senior Litigation Counsel;

Lance L. Jolley, Trial Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Mian Ma, a native and citizen of the People's Republic of China, seeks review of a January 26, 2015, decision of the BIA affirming a March 6, 2013, decision of an Immigration Judge ("IJ") denying Ma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Mian Ma*, No. A200 933 655 (B.I.A. Jan. 26, 2015), *aff'g* No. A200 933 655 (Immig. Ct. N.Y. City Mar. 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base

2

a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

In applying for asylum and related relief, Ma asserted that Chinese officials forced her to have an abortion under China's family planning policy, and later detained and beat her for providing assistance at an unregistered church gathering held in her sister's home. Substantial evidence supports the agency's determination that Ma was not credible and failed to adequately corroborate her claims.

The agency reasonably relied on discrepancies between Ma's testimony and her written statement regarding whether she was using birth control when she became pregnant in violation of China's family planning policy and whether officials immediately aborted her pregnancy or permitted her to return home for several days before forcibly taking her to the hospital for an abortion. *See Xiu Xia Lin*, 534 F.3d at 165-67. Ma's explanations for these discrepancies were not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Asylum applicants are not required to list every incident or provide

3

every detail in their asylum applications (such as the details surrounding when Ma was taken for her alleged forced abortion). *See Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006). However, Ma's explanation that she merely omitted detail was not compelling because her application included a detailed statement that devoted paragraphs to matters of less significance. *See Majidi*, 430 F.3d at 80.

Having questioned Ma's credibility, the agency reasonably relied further on her failure to submit corroborating evidence sufficient to rehabilitate her testimony or independently satisfy her burden of proof. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). The agency reasonably declined to credit letters from Ma's sisters because the letters were unsworn and prepared for litigation, and the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013). Regardless, those letters did not corroborate Ma's claim that she was forced to have an abortion or her assertion that officials beat her.

The agency also did not err in declining to credit Ma's medical certificates as unauthenticated. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006); *In*

4

*re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215-16 & n.5 (B.I.A. 2010), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Moreover, the hand-written abortion certificate Ma submitted was issued seven years after the alleged abortion, and the handwritten medical certificate issued after her alleged beating was not accompanied by any medical examination records and did not indicate that her injuries were sustained as a result of a physical assault.

Ultimately, substantial evidence supports the agency's findings that Ma's testimony lacked credibility and that her evidence was insufficient to rehabilitate her testimony or independently satisfy her burden of proof. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Diallo*, 232 F.3d at 285. Those findings are dispositive of asylum, withholding of removal, and CAT relief because, other than the presumption of a well-founded fear of persecution that arises from demonstrating past persecution, Ma does not assert an independent basis to fear future harm in China. *See* 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(C); 8 C.F.R. §§ 1208.13(b), 1208.16(b)-(c).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk